(109 App. Div. 509)

## LEWIS v. TINDEL-MORRIS CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

ATTACHMENT—AFFIDAVIT—AMOUNT IN CONTROVERSY—"INFORMATION AND BELIEF."

Defendant employed plaintiff to sell forgings for the difference between the selling price and the price fixed by defendant and commission on the fixed price. An attachment affidavit in an action for the amount due plaintiff alleged on information and belief that the price fixed on the goods sold was $67,550, the sale price $70,967.50, on which the agreed commission and excess, with $98.35 commissions on orders refused, aggregated $6,795, which plaintiff was entitled to recover. Plaintiff alleged that he had no knowledge of the account, which had been in charge of D., who had left his employ and entered defendant's employment, taking plaintiff's books and papers, from which the details of the transactions could be ascertained, and that D. made out a statement of the account, which was annexed, showing the amount due, and from him plaintiff acquired his information. Held, that the affidavit was not insufficient to sustain the attachment for failure to show the amount plaintiff was entitled to recover.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas A. Lewis against the Tindel-Morris Company. From an order vacating an attachment, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

Wm. L. Mathot, for appellant.
Norman B. Beecher, for respondent.

INGRAHAM, J. The attachment in this action was granted on the 14th day of December, 1903, upon a verified complaint and an affidavit of the plaintiff. The motion to vacate was made upon the papers upon which the attachment was granted, and the attachment appears to have been vacated upon the ground that the affidavit fails to show what amount, if any, the plaintiff was entitled to recover. The attachment was for the sum of $6,795, and it is alleged, and not denied, that the defendant is a foreign corporation. The action is to recover the amount due the plaintiff under a contract by which the defendant agreed to pay to the plaintiff, as compensation for his services rendered, "an amount equal to the difference between the price at which this plaintiff should sell such goods, wares, and merchandise and a

stated price therefor, to be fixed by this defendant, and, in addition thereto, a sum equal to 5 per cent. of the price so fixed." The complaint alleges that the plaintiff, between January 17, 1903, and March 14, 1903, in pursuance of said request and employment, sold to certain purchasers obtained and procured by' him certain of said goods, wares, and merchandise for and on behalf of the defendant, which sales the defendant thereupon accepted; and on information and belief alleges:

"That the stated price fixed by defendant in the manner aforesaid upon said goods, wares, and merchandise so sold as aforesaid was $67,550, and the price at which this plaintiff sold the same to said purchasers was $70,967.50, and the difference between the said price is $3,417.50, which, together with 5 per cent. of the price so fixed by this defendant, being $3,777.50, amounting in all to the sum of $6,795, is the amount now due and owing from this defendant to this plaintiff as such compensation."

This statement in the complaint is upon information and belief. The affidavit of the plaintiff upon which the attachment was granted sets forth the source of the information of the plaintiff upon which he made the allegations of the complaint. The contract between the plaintiff and the defendant is set forth in the affidavit, and the plaintiff alleges that in pursuance of the contract he sold goods, wares, and merchandise, consisting of forgings, on behalf of the defendant, which sales the defendant accepted, and' agreed to fill such orders, and to deliver the said goods so sold; that the goods, wares, and merchandise referred to were manufactured by the defendant in the state of Pennsylvania; that said forgings, by the terms of the contract, were to be sold at a price per pound of their weight as and when completed; that during the period of the performance of this contract the plaintiff had in his employ as a clerk one McDowell, who had charge of the correspondence, orders, and bills relating to the business of the plaintiff in connection with the contract with the defendant; that said McDowell was the only person in the office of the plaintiff, except deponent, who had charge of such orders, and that the plaintiff was not familiar with and did not keep track of all the details with reference thereto; that on March 17, 1903, McDowell left the employ of the plaintiff and entered the employ of the defendant, and continued to carry on the sale of forgings for the defendant, as its agent, in the city of New York in violation of said contract; that when McDowell left the employ of the plaintiff he removed the records, orders, and correspondence with reference to said business, and did not return the same, or any part thereof; that the plaintiff demanded of McDowell a statement of his account with the defendant; and that McDowell made a statement, a copy of which is annexed to the affidavit. The plaintiff then alleges that in and by said statement it appears that the earnings of the plaintiff under the aforesaid agreement and agency, being the amount due from the defendant to the plaintiff down to the date of the last item calculated by said. McDowell, was the sum of $6,696.65, and that the amount which would become due to the plaintiff under the additional orders which were given by the plaintiff and refused is $98.35, making' an .aggregate amount of $6,795, which is the amount now due and owing to the plaintiff, and the amount for which the attachment was granted. The

statement annexed to the complaint as the statement made by Mc-Dowell, then actually in the employ of the defendant, as to the amount to which the plaintiff was entitled, names various parties to whom the goods were sold, the actual commission under the contract of 5 per cent., the excess over the price fixed by the defendant, and the price for which the goods were sold. From that statement it would appear that the amount due to the plaintiff was $6,696.65, and that, with the additional amount that would have been due to the plaintiff under orders subsequently refused by the defendant of $98.35, would make $6,795. The plaintiff, therefore, presented to the court proof that there was due to the plaintiff from the defendant this sum of $6,795.

It is true that the allegations as to the amount were based upon information and belief; but the source of the information and the ground of the belief were furnished in the affidavit, and it appeared that the information was that furnished by a former clerk of the plaintiff, who had knowledge of the details of the business and who had left the plaintiff's employ and gone into the employ of the defendant, taking with him the books, papers, and correspondence of the plaintiff from which the details could be ascertained. The relation of McDowell, who had supplied the information, to the defendant, excused the plaintiff's not obtaining from McDowell an affidavit of these facts, and the plaintiff, in his affidavit, from his knowledge of the business as conducted by the defendant, verifies his belief of the correctness of the statement furnished by McDowell. It is true that the affidavit does not state the details of the transaction which would probably be required upon the trial to substantiate the plaintiff's cause of action; but I think, considering the circumstances, the employment by the defendant of the plaintiff's employé who had knowledge of the details of the plaintiff's business immediately after breaking the contract with the plaintiff, and then proof that the plaintiff's agent, who had become the agent of the defendant, made a statement to the plaintiff as to the amount due to the defendant from the persons to whom the goods were sold, was sufficient to justify the allegation in the complaint as to the price fixed by defendant of the forgings sold by the plaintiff and the price at which the plaintiff sold them to the purchasers, and from this the amount due to plaintiff was computed.

The cases cited by the respondent, and many others, where we have felt constrained to set aside attachments upon the ground that material facts were stated upon information and belief, without any statement of the source of the information or the ground of the belief, so that the court could judge whether or not the affiant was justified in making the statement and believing it to be true, do not apply to this case, for here the source of the information is stated; and we think, considering the circumstances, that the plaintiff was justified in making the allegation upon information and belief, and justified in believing the statement to be true.

The criticism of the court below that the number of pounds of castings sold to these various purchasers by the plaintiff and the exact price fixed by the defendant for the goods sold is not stated in the affidavit did not require the court to vacate the attachment. The

amount due the plaintiff under this contract for sales made by him, it is true, depended upon the price that the defendant fixed for its goods and the number of pounds of castings sold; and those details are not stated either in the affidavit or the statement furnished by Mc-Dowell. The written statement of McDowell to the plaintiff, which is annexed to the plaintiff's affidavit, is based, however, upon a computation which depends upon a correct statement of these amounts. From the facts stated, there can be no question but that McDowell had knowledge of these details. His relations with the plaintiff when the orders were given and accepted by the defendant, and his subsequent relation to the defendant, would give him such knowledge, and thus the statement of the amount of commission and the excess upon each sale made, under such circumstances, justifies the conclusion that McDowell, who knew the facts, correctly stated the amount of the commission and excess, and is, I think, a sufficient allegation that this amount was due to the plaintiff to justify the court in granting the attachment.

I think, therefore, that the court was justified in granting this attachment, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs.

O'BRIEN, P. J., and CLARKE and HOUGHTON, JJ., concur. PATTERSON, J., dissents.